GEORGE MILLER, PROSECUTOR, v. ATLANTIC CITY, RESPONDENT.

Argued November 7, 1906—Decided February 25, 1907.

A contract between the prosecutor and the city provided that he should, as required from time to time during a term specified, do certain work in repairing street openings, that the work should be done in an expeditious manner and without unnecessary delay, and that whenever the city council should become satisfied that the work or any part thereof was being unnecessarily delayed it should have power to terminate the contract by resolution passed at any meeting. *Held,* that the only vested right of the contractor with respect to the continuance of the contract was that it should

remain in force until the city council should become satisfied that the work was unnecessarily delayed, and should thereupon, by resolution, terminate the contract; that city council could terminate it without notice to the contractor, and that their action in so doing was not reviewable by the courts in the absence of anything to show that they acted unreasonably or wantonly.

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Thompson & Cole.*

For the respondent, *Harry Wootton.*

The opinion of the court was delivered by

PITNEY, J. This is a *certiorari* to review a resolution adopted by the city council July 9th, 1906, revoking a contract theretofore made between the city and the prosecutor under date of February 15th, 1906, for doing the work and providing all the material required for relaying the pavement over all openings made within the driveways of streets paved with gravel, broken stone, &c., during the remainder of the year ending December 31st, 1906. The contract contemplated that the contractor should, as required from time to time during its continuance, supervise the refilling of trenches by persons and corporations making openings, and should himself replace the surface over the openings when refilled, using pavement gravel, broken stone, &c., according to circumstances. By one of its clauses it was provided that the contractor should make the repairs over openings in an expeditious manner, without unnecessary delay, "and since no specific time can be herein fixed wherein any work shall be completed, it is hereby agreed that whenever the city council of Atlantic City shall become satisfied that the work or any part thereof is being unnecessarily delayed, it shall have power and authority to terminate this contract by resolution passed at any meeting." The evidence shows that Miller delayed work owing to inability to procure materials,

so that Ohio avenue for a long distance lay open for six weeks; that on two or three different occasions the chairman of the street committee made report of the matter to his committee, and that on July 9th he reported the matter to the city council as coming from that committee. The contents of this report were offered to be shown, but were ruled out on the objection of the prosecutor. The case shows that it was on the motion of the chairman of the street committee that the city council resolved to revoke Miller's contract.

The reasons assigned for reversal all proceed on the ground that no notice was given to the prosecutor of the intended action of city council, and that he had a vested interest in the contract, of which he could not be thus deprived without notice or hearing.

In our opinion, his vested right was only that the contract should remain in force until the city council should become satisfied that the work was being unnecessarily delayed, and should thereupon, by resolution passed at any meeting, terminate the contract. It was in this sense and to this extent, an employment at will, or at least under a terminable contract, and in our opinion the city council could proceed to terminate it without notice to Miller, and their action in so doing is not reviewable by the courts in the absence of anything to show that they acted unreasonably or wantonly.

The resolution under review should be affirmed, with costs.